# United States District Court
## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

PAVEL SEMENOVICH FLIDER and
TRIDENT INTERNATIONAL
CORPORATION, LLC,

CR 15 0154

DEFENDANT(S).

**FILED**

MAR -5 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

VC

## INDICTMENT

Counts One - Fifteen: 18 U.S.C. §§ 554(a) and 2 – Smuggling of Goods; Count Sixteen: 18 U.S.C. § 1956(h) – Conspiracy to Commit International Money Laundering; Counts Seventeen - Twenty-Six: 18 U.S.C. § 1956(a)(2)(A) – Money Laundering; Forefeiture Allegation: 13 U.S.C § 305(a)(3) – Failure to File Export Information Forfeiture; 18 U.S.C. § 981(a)(1)(C) – Smuggling Forfeiture; 18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture; and 28 U.S.C. § 2461(c)

A true bill.

_____
Foreman

Filed in open court this 5-th day of

March 2015.

MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE

ROSE MAHER
Clerk

NO BAIL ARREST WARRANTS as to Paul Semenovich

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

## OFFENSE CHARGED

18 U.S.C. § 554(a) – Smuggling of Goods;

18 U.S.C. § 1956(a)(2)(A) – Money Laundering

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
18 U.S.C. § 554: $250,000 fine; $100 special assessment; forfeiture of involved property and proceeds.
(cont'd)

**DEFENDANT - U.S.**

▶ TRIDENT INTERNATIONAL CORPORATION, LLC

**DISTRICT COURT NUMBER**

CR 15 0154

## DEFENDANT

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

FILED
MAR -5 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

## PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
Department of Commerce, Bureau of Industry and Security

Special Agent Richard J. Fitzpatrick III

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

Month/Day/Year
DATE OF ARREST ▶

Or... if Arresting Agency & Warrant were not
Month/Day/Year
DATE TRANSFERRED ▶
TO U.S. CUSTODY

Name and Office of Person Furnishing Information on THIS FORM
MELINDA L. HAAG
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned) Philip J. Kearney

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

18 U.S.C. § 1956(a)(2)(A): $500,000 fine or twice the value of the property used in the transaction, whichever is greater; $100 special assessment; forfeiture of involved property and proceeds.

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 554(a) – Smuggling of Goods;
18 U.S.C. § 1956(h) – Conspiracy to Commit International Money Laundering;
18 U.S.C. § 1956(a)(2)(A) – Money Laundering

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
18 U.S.C. § 554: 10 years in prison; three year period of supervised release; $250,000 fine; $100 special assessment; forfeiture of involved property and proceeds.
(cont'd)

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

~~SEALED~~ ~~COURT ORDER~~

**DEFENDANT - U.S.**

► PAVEL SEMENOVICH FLIDER

**DISTRICT COURT NUMBER**

CR 15 0154 VC

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

FILED
MAR -5 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

**PROCEEDING**
Name of Complaintant Agency, or Person (&Title, if any)
Department of Commerce, Bureau of Industry and Security
Special Agent Richard J. Fitzpatrick III

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ►

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM
MELINDA L. HAAG
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned) Philip J. Kearney

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed
Month/Day/Year

DATE OF ARREST ►

Or... if Arresting Agency & Warrant were not
Month/Day/Year
DATE TRANSFERRED ►
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT  Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

18 U.S.C. § 1956(a)(2)(A) & (h): 20 years in prison; three year period of supervised release; $500,000 fine or twice the value of the property used in the transaction, whichever is greater; forfeiture of involved property and proceeds.

1 | MELINDA HAAG (CABN 132612)
United States Attorney

**FILED**
MAR -5 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEALED BY COURT ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

VC

| UNITED STATES OF AMERICA, | ) CR 15 0154 |
|---|---|
| Plaintiff, | ) No. |
| | ) VIOLATIONS: |
| v. | ) Title 18, United States Code, Sections 554(a) – Smuggling of Goods; Title 18, United States Code, Section 1956(h) – Conspiracy to Commit International Money Laundering; Title 18, United States Code, Section 1956(a)(2)(A) – Money Laundering; Title 26, United States Code, Section 5872 – Export Related Forfeiture – (13 U.S.C § 305 – Failure to File Export Information Forfeiture, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461- Smuggling Forfeiture); 18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture |
| PAVEL SEMENOVICH FLIDER and TRIDENT INTERNATIONAL CORPORATION, LLC, | |
| Defendants. | |
| | ) SAN FRANCISCO VENUE |

## INDICTMENT

The Grand Jury charges:

At all times relevant to this Indictment:

### INTRODUCTORY ALLEGATIONS

1.  Defendant PAVEL SEMENOVICH FLIDER was a Russian national and naturalized citizen of the United States, who served as the co-owner and operator of TRIDENT INTERNATIONAL CORPORATION, LLC (hereinafter "TRIDENT").

1

2. Defendant TRIDENT was a California Limited Liability Company located in Richmond, California, and San Francisco, California, that was operated, at least in part, for the purpose of procuring electronic components from United States companies and arranging for those components to be exported to Estonia and Finland for transshipment to Russia. Funds used by TRIDENT to purchase these electronic components came, at least in part, from transfers received by TRIDENT from foreign banks.

3. "FREIGHT FORWARDER 1" was a freight forwarder with an office located in Helsinki, Finland.

4. "FREIGHT FORWARDER 2" was a freight forwarder with an office located in Helsinki, Finland.

5. "FREIGHT FORWARDER 3" was a freight forwarder with an office located in Tallin, Estonia.

Export and Shipping Records

6. Pursuant to United States law and regulation, exporters, shippers, and freight forwarders were required to file certain forms and declarations concerning exports of goods and technology from the United States. Typically, those forms were filed electronically through the Automated Export System ("AES") administered in part by the United States Department of Homeland Security ("DHS"), Bureau of Customs and Border Protection. A Shipper's Export Declaration ("SED") was an official document submitted to DHS in connection with export shipments from the United States.

7. An essential and material part of the SED and AES, as well as other export filings, was information concerning the end-user or ultimate destination of the export. The identity of the end-user may determine whether or not the goods may be exported from the United States: a) without any specific authorization from the United States government; b) with the specific authorization or validated license from the United States Department of Commerce, the United States Department of State, or the United States Department of Treasury; or c) not under any circumstances.

8. The SED or AES was equivalent to a statement to the United States government that the transaction occurred as described. The SED or AES was used by the United States Bureau of Census to collect trade statistics and by the Bureau of Industry and Security, Department of Commerce,

2

for export control purposes.

9. The Secretary of Commerce had the authority to collect information from persons exporting goods from the United States. 13 U.S.C. § 301. The Foreign Trade Regulations (Title 15, Code of Federal Regulations, Part 30) set forth the general requirements for exporters, including the requirement that an exporter, known as the United States Principal Party in Interest ("USPPI"), or an exporter's agent file Electronic Export Information ("EEI") for all goods being exported where the value of a single commodity is over $2,500. 15 C.F.R. §§ 30.1, 30.2, and 30.37(a).

10. The USPPI or its authorized agent was required to file EEI electronically through the AES. 15 C.F.R. § 30.2. The USPPI or its authorized agent had the responsibility to submit complete, correct information in AES based on personal knowledge of the facts or on information furnished by the parties to the export transaction. 15 C.F.R. §§ 30.3, 30.9. Required information that must be submitted in AES included, among other things, the name of the USPPI, commodity description, shipping weight, ultimate consignee or end-user, and shipment value. 15 C.F.R. § 30.6. Once the EEI pertaining to an individual export shipment was processed by AES and accepted, an Internal Transaction Number ("ITN") was generated.

<u>COUNTS ONE THROUGH FIFTEEN</u>:     (18 U.S.C. §§ 554(a) and 2 – Smuggling of Goods)

11. The allegations contained in Paragraphs 1 through 10 are re-alleged and incorporated as if fully set forth herein.

12. On or about the dates listed as to each count below, in the Northern District of California and elsewhere, the defendants,

PAVEL SEMENOVICH FLIDER and
TRIDENT INTERNATIONAL CORPORATION, LLC,

and others, did knowingly export and send, and attempt to export and send from the United States, merchandise, articles, and objects in shipments with the ITNs listed below, contrary to the laws and regulations of the United States, specifically, by knowingly submitting false and misleading export information, and willfully causing another to file false and misleading export information, in an SED and through the AES, in violation of Title 13, United States Code, Section 305(a)(1).

///

3

| COUNT | EXPORT DATE | LISTED ITEMS | ULTIMATE CONSIGNEE | ITN NO. |
|---|---|---|---|---|
| ONE | December 17, 2011 | Power Supplies | FREIGHT FORWARDER 1 | X20111216076025 |
| TWO | January 20, 2012 | Power Supplies | FREIGHT FORWARDER 2 | X20120119065651 |
| THREE | February 4, 2012 | Power Supplies | FREIGHT FORWARDER 1 | X20120203068987 |
| FOUR | March 30, 2012 | Power Supplies | FREIGHT FORWARDER 2 | X20120328075754 |
| FIVE | April 8, 2012 | Power Supplies | FREIGHT FORWARDER 2 | X20120406025211 |
| SIX | October 21, 2012 | Power Supplies | FREIGHT FORWARDER 2 | X20121019070539 |
| SEVEN | November 10, 2012 | Power Supplies | FREIGHT FORWARDER 1 | X20121109064638 |
| EIGHT | December 4, 2012 | Power Supplies | FREIGHT FORWARDER 1 | X20121204026096 |
| NINE | February 16, 2013 | Power Supplies | FREIGHT FORWARDER 1 | X20130215075346 |
| TEN | March 16, 2013 | Power Supplies | FREIGHT FORWARDER 2 | X20130314069775 |
| ELEVEN | April 6, 2013 | Power Supplies | FREIGHT FORWARDER 1 | X20130405080352 |
| TWELVE | April 6, 2013 | Power Supplies | FREIGHT FORWARDER 2 | X20130405081365 |
| THIRTEEN | June 28, 2013 | Electric Plugs, et al. | FREIGHT FORWARDER 3 | X20130625069271 |
| FOURTEEN | July 14, 2013 | Power Supplies, et al. | FREIGHT FORWARDER 3 | X20130712076362 |
| FIFTEEN | July 21, 2013 | Power Supplies, et al. | FREIGHT FORWARDER 3 | X20130719077891 |

Each in violation of Title 18, United States Code, Section 554.

**COUNT SIXTEEN:** (18 U.S.C. § 1956(h) – Conspiracy to Commit International Money Laundering)

13. The allegations contained in Paragraphs 1 through 10 are re-alleged and incorporated as if fully set forth herein.

14. Beginning as early as in or about January 2009, the exact date being unknown to the Grand Jury, and continuing at least until in or about August 2014, in the Northern District of California and elsewhere, the defendant,

///
///
///
///

4

PAVEL SEMENOVICH FLIDER,

did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, specifically, to transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds, to a place in the United States from a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, illegally smuggling goods from the United States by falsifying information on SEDs in violation of Title 18, United States Code, Section 554 and Title 13, United States Code, Section 305; all in violation of Title 18, United States Code, Section 1956(a)(2)(A) and (h).

<u>COUNTS SEVENTEEN THROUGH TWENTY-SIX</u>: (18 U.S.C. § 1956(a)(2)(A) – Money Laundering)

15. The allegations contained in Paragraphs 1 through 10 are re-alleged and incorporated as if fully set forth herein.

16. On or about the dates listed as to each count below, in the Northern District of California and elsewhere, the defendants,

PAVEL SEMENOVICH FLIDER and
TRIDENT INTERNATIONAL CORPORATION, LLC

did willfully and knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds, as described more fully below for each count, to a place in the United States from a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, illegally smuggling goods from the United States, by falsifying information on SEDs and through the AES in violation of Title 18, United States Code, Section 554 and Title 13, United States Code, Section 305, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| SEVENTEEN | October 12, 2011 | Transfer from PPF Bank SA, Czech Republic, to Wells Fargo Bank account ending -0108 in the amount of $197,497.00. |
| EIGHTEEN | April 19, 2012 | Transfer from Marfin Bank Eesti, Estonia, to Wells Fargo Bank account ending -0108 in the amount of $246,260.00. |
| NINETEEN | November 27, 2012 | Transfer from Norvik Bank, Lativa, to Wells Fargo Bank account ending -3297 in the amount of $249,800.00. |

5

| | | |
|---|---|---|
| TWENTY | March 28, 2013 | Transfer from Baltikums Bank, Latvia, to Wells Fargo Bank account ending -3297 in the amount of $266,380.00. |
| TWENTY-ONE | June 20, 2013 | Transfer from Eurobank, Cyprus, to Wells Fargo Bank account ending -0108 in the amount of $248,649.00. |
| TWENTY-TWO | June 23, 2013 | Transfer from Trasta Komercnak, Lativa, to Wells Fargo Bank account ending -3297 in the amount of $306,130.00. |
| TWENTY-THREE | December 10, 2013 | Transfer from ABLV, Latvia, to Wells Fargo Bank account ending -0108 in the amount of $249,125.60. |
| TWENTY-FOUR | March 31, 2014 | Transfer from Hellenic Bank, Cyprus, to Wells Fargo Bank account ending -0108 in the amount of $248,827.50. |
| TWENTY FIVE | April 25, 2014 | Transfer from HSBC Bank, Hong Kong, to Wells Fargo Bank account ending -3297 in the amount of $171,337.50. |
| TWENTY-SIX | August 8, 2014 | Transfer from ABLV Bank, Latvia, to Wells Fargo Bank account ending -3297 in the amount of $270,310.00. |

Each in violation of Title 18, United States Code, Section 1956(a)(2)(A).

FORFEITURE ALLEGATION: (13 U.S.C § 305(a)(3) – Failure to File Export Information Forfeiture; 18 U.S.C. § 981(a)(1)(C) – Smuggling Forfeiture; 18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture; and 28 U.S.C. § 2461(c))

17. Upon conviction of one or more of the offenses alleged in Counts One through Fifteen of the Indictment, the defendants,

PAVEL SEMENOVICH FLIDER and
TRIDENT INTERNATIONAL CORPORATION, LLC,

shall forfeit to the United States any specific property, including but not limited to a money judgment equivalent to the following, pursuant to 13 U.S.C. § 305(a)(3) and 18 U.S.C. § 981(a)(1)(C):

a. Any interest in, security of, claim against, or property or contractual rights of any kind in the goods or tangible items that were the subject of the violation;

b. Any interest in, security of, claim against, or property or contractual rights of any kind in tangible property that was used in the export or attempt to export that was the subject of the violation; and

c. Any property constituting, or derived from, any proceed obtained directly or indirectly as a result of the violation; and

d. Any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

18. Upon conviction of the offense alleged in Count Sixteen of the Indictment, the defendant,

PAVEL SEMENOVICH FLIDER,

6

shall forfeit to the United States, pursuant to 18 U.S.C § 982(a)(1), any property, real or personal, involved in any such offense, or any property traceable to such property, including but not limited to the following: a money judgment equivalent to the amount of property involved in the violation of 18 U.S.C § 1956(h).

19. Upon conviction of one or more of the offenses alleged in Count Seventeen through Twenty-Six of the Indictment, the defendants,

PAVEL SEMENOVICH FLIDER and
TRIDENT INTERNATIONAL CORPORATION, LLC,

shall forfeit to the United States, pursuant to 18 U.S.C § 982(a)(1), any property, real or personal, involved in any such offense, or any property traceable to such property, including but not limited to the following: a money judgment equivalent to the amount of property involved in the violation of 18 U.S.C § 1956(h).

20. If any of the property described above, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

///
///
///
///
///
///
///

All pursuant to 13 U.S.C § 305(a)(3), 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c).

DATED: 3/5/2015

A TRUE BILL.

/s/ William
FOREPERSON

MELINDA HAAG
United States Attorney

/s/
DAVID R. CALLAWAY
Chief, Criminal Division

(Approved as to form: /s/ )
PHILIP J. KEARNEY
Assistant United States Attorney

8