BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

PHILIP J. KEARNEY (CABN 114978)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7023
    FAX: (415) 436-7234
    Philip.kearney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TRIDENT INTERNATIONAL CORPORATION, LLC, <br><br> Defendant. | NO. 15-0154 VC <br><br> JOINT SUBMISSION REGARDING RUSSIAN TRANSLATION OF PLEA AGREEMENT |

At the Court's request, the undersigned parties jointly submit the attached declaration of Russian interpreter Yuri Galashov ("Declaration"). The Declaration describes corrections made by Mr. Galashov to his initial Russian translation of the plea agreement ("Agreement") in this matter. His

//

//

//

//

//

JOINT SUBMISSION RE TRANSLATION OF PLEA AGREEMENT
CR 15-0154 VC

corrected Russian translation of the Agreement has previously been submitted to the Court.

Dated: August 22, 2016

                          /s/
MARCUS DANIEL MERCHASIN
Attorney for Pavel Semonvich Flider


BRIAN J. STRETCH
United States Attorney

Dated: August 22, 2016

                          /s/
PHILIP J. KEARNEY
Assistant United States Attorney

MARCUS DANIEL MERCHASIN
Attorney & Counselor at Law

Post Office Box 10369
Lahaina, HI 96761
(415) 269-0481
Fax: (415) 520-0426
Email: marcus@merchasin.com

Attorney for Defendant,
Trident International Corporation, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TRIDENT INTERNATIONAL CORPORATION, LLC, <br><br> Defendant. | No. CR 15-0154 VC <br><br> DECLARATION OF YURI GALASHOV REGARDING RUSSIAN TRANSLATIONS OF PLEA AGREEMENTS |

I, Yuri Galashov, hereby declare:

1. I am a court-certified Russian interpreter who has been retained by the defense in the above-named matter. Included in my duties was the preparation of Russian translations of both the corporate and individual plea agreements to assist defendant Pavel Flider in his understanding of both documents; based on my extensive interaction with him however, I believe Pavel Flider to be fluent in both the Russian and English languages. I initially prepared Russian translations of each plea agreement in preparation for the entry of pleas on August 16, 2016. As noted in my previously-filed interpreter certifications, I went through the Russian translation of each plea with Mr. Flider who expressed an

1

understanding of the terms and provisions of each document. I believe this understanding was based also on Mr. Flider's reading of the English versions of each agreement. After being notified on August 16, 2016, of a potential translation error in one of the documents, I undertook a complete, line-by-line review of my Russian translations of each plea agreement as compared to the filed English versions. This review was conducted with the assistance of a Russian-speaking FBI Special Agent. In each document, several differences between the English final version and my initial translations were found; these differences were corrected as described below. Our handwritten corrections regarding the Trident International Corporation, LLC ("Trident"), plea agreement are noted in Exhibit A attached. My corrected final Russian translation of the Trident plea agreement has previously been provided to the Court.

After making the corrections, I called Mr. Flider on August 17, 2016, and explained the changes made to the Russian translations. Mr. Flider stated that he understood the changes and approved of their use. Mr. Flider expressed to me that the changes did not affect his understanding of either document or the desire to maintain his guilty pleas for Trident. Mr. Flider is the President and CEO of Trident as well as the sole shareholder of Trident.

**Explanations of Corrections Made to the Russian Translation of the Trident Plea Agreement**

1. In the first line of the introductory paragraph on page one, an end quotation mark was placed in the parenthetical after the word "Trident."

2. In Paragraph 1, in the first and second sentences, the words "money laundering" were inserted and the words "smuggling of goods" were deleted. In the second sentence of the same paragraph, the word "and" was deleted to correct the sentence's grammar.

3. In Paragraph 2, in the first sentence, the tense of the word "pleaded" was changed to "is pleading." Later in that paragraph, the words "in the export documents" were inserted.

4. In Paragraph 3, the word "Trident" was inserted at the end of the paragraph and the word "employer" was deleted.

5. In Paragraph 4, in the second sentence, the word "conviction" was inserted and the words "guilty verdict" were deleted.

6. In Paragraph 5(d), the word "until" was inserted to connect the parts of the sentence. In Paragraph 5(f), the words "compel" and "subpoena" were inserted to clarify the meaning of "to summon."

7. In Paragraph 9, the final two words, "sentencing decision," were deleted and replaced with the word "sentence."

8. In Paragraph 10, the third sentence in the third paragraph was not changed. The word "possible" was deleted in error and no words were inserted. In the final sentence of that paragraph, the word "financial" was replaced with the word "financial litigation" to clarify the nature of the department.

9. In Paragraph 12, in the first sentence of the second paragraph the words "money laundering" were inserted. In the third sentence of this Paragraph the words "that," and "any," were inserted to correct the grammar; the words "related to state jurisdiction" were inserted to improve the grammar structure of the sentence after the words "and will not assist anyone to contest" and the word "state" was deleted.

10. In Paragraph 14, the final clause of the first sentence was changed from "Trident will not claim otherwise in the future" to "supersedes any other agreements, written or oral."

11. In Paragraph 16, the words "to dismiss" were replaced by the words "to move to dismiss."

12. In Paragraph 17, the word "pledges" was deleted and the word "agrees" was inserted.

13. In Paragraph 19, the words "right of" were inserted to clarify the meaning of "ownership."

14. In Paragraph 20, in the first sentence the words "existing" and "deprived of the right to enter new contracts" were added to clarify the meaning of "debarment" due to the lack of an analogous Russian verb. In the third sentence the words "such ... debarment" were added to make the meaning of the sentence clearer.

15. In Paragraph 21 the words "carried out" were deleted and the words "observed" were inserted.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my Knowledge.

Executed on this 22nd day of August, 2016, in San Francisco, California.

Yuri Galashov
Certified Russian Interpreter

4

# EXHIBIT A

Government's Exhibit

BRIAN J. STRETCH (CABN 163973)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

PHILIP J. KEARNEY (CABN 114978)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055

    San Francisco, California 94102-3495

    Telephone: (415) 436-7023

    FAX: (415) 436-7234

    Philip.kearney@usdoj.gov

    Attorneys for United States of America

# ОКРУЖНОЙ СУД СОЕДИНЕННЫХ ШТАТОВ
## СЕВЕРНЫЙ ОКРУГ ШТАТ КАЛИФОРНИЯ
### ОТДЕЛЕНИЕ САН-ФРАНЦИСКО

| | |
|---|---|
| СОЕДИНЕННЫЕ ШТАТЫ АМЕРИКИ, | # 15-0154 VC |
| Обвинитель, | |
| Против | СДЕЛКА МЕЖДУ СТОРОНАМИ |
| TRIDENT INTERNATIONAL CORPORATION, LLC | |
| Обвиняемый | |

Обвиняемый, Trident International Corporation, LLC, ("Trident") и Прокуратура Соединенных Штатов по Северному Округу Калифорнии (далее «Прокуратура ») заключили это письменное соглашение о признании вины ("Соглашение") в соответствии с Правилами 11 (c) (1) (A) и 11 (c) (1) (B) Федеральных правил уголовного судопроизводства.

**Обещания Trident:**

1. Trident признаёт свою вину по пунктам Семнадцать и Девятнадцать предъявленного обвинения в контрабанде товаров в нарушение 18 U.S.C. §

1956(a)(2)(A). Trident признаёт, что элементами контрабанды товаров [*отмывания денег*] являются следующие: (1) Ответчик сознательно транспортировал деньги с места за пределами Соединенных Штатов к месту на территории Соединенных Штатов; (2) с намерением содействовать проведению определенной незаконной деятельности, а именно, незаконной контрабанды товаров из Соединенных Штатов.

Trident признаёт, что в качестве корпоративного ответчика он несет ответственность за действия своих сотрудников и агентов, выполненные в ходе осуществления ими своих обязанностей, когда выгодополучателем являлся работодатель.

Trident признаёт, что максимальным наказанием являются следующее:
a. Максимальный штраф — $500,000 или сумма, равная двухкратному значению денежных инструментов или средств, задействованные в перевозке, передаче, или переводе, в зависимости от того, что больше (18 U.S.C. § 3571(c)(d))
b. Испытательный срок — 3 года (18 U.S.C. § 3561)
c. Обязательный специальный сбор — $200 (18 U.S.C. § 3013)
d. Возмещение ущерба
e. Конфискация

2. Trident признаёт, что виновен в преступлениях, вину в которых он признаёт [*ем*], и подтверждает, что следующие факты верны:

В течение всего периода, относящегося к обвинениям по данному делу, Trident являлся калифорнийской корпорацией, зарегистрированной отделом корпораций Секретаря штата Калифорнии под номером C1908339. В 1997 году и затем в 2002 году Секретарю штата Калифорния были поданы уведомления, что Trident было названием бизнеса, под которым действовал Flider Electronics Corporation, с единым для обеих организаций корпоративным номером и физическим адресом. По меньшей мере с 12 октября 2011 года и по 8 августа 2014 года Trident занимался экспортом электронных компонентов из Соединенных Штатов. Начиная приблизительно с 17 декабря 2011 по 21 июля 2013 года Trident экспортировал многочисленные партии электронных компонентов, в том числе предметы, описанные [*в экспортных документах*] как "источники питания " и "электрические розетки и др.," на адреса трех экспедиторов, расположенных в Финляндии или Эстонии. Trident было известно, что в соответствии с законодательством и правилами Соединенных Штатов, экспортеры, такие как Trident, были обязаны подавать определенные документы и заявления, касающиеся экспорта товаров и технологий из Соединенных Штатов. Как правило, эти формы подавались в электронном виде через автоматизированную систему экспорта ("AES"), которую частично контролируют Управление внутренней безопасности Соединенных Штатов ("DHS"), таможенное управление и пограничный контроль.

Trident было известно, или он был проинформирован, на основе информации и убеждений, что в период с 17 декабря 2011 года по 21 июля 2013 года Экспортная декларация грузоотправителя ("SED"), иногда называемая электронной экспортной информацией ("EEI"), являлась официальным документом, представляемым в DHS при экспортных поставках из Соединенных Штатов. Trident также было известно, или он был проинформирован, на основе информации и убеждений, что существенным и важной частью EEI и AES, а также других экспортных документов, была информация о конечных пользователях или конечного пункта назначения экспорта. Trident было известно, или он был проинформирован, на основе информации и убеждений, что экспортеры, подобные Trident, известные как главные представители стороны Соединенных Штатов ("USPPI"), или агенты экспортера , несут ответственность за подачу полного и правильного документа EEI для всех экспортируемых товаров, когда стоимость одного товара составляет более $2,500. Trident было известно, что эта необходимая информация включает в себя, помимо всего прочего, название USPPI, описание товара, его вес, указание конечного грузополучателя или конечного пользователя, и стоимость товара. Trident было известно, или он был проинформирован, на основе информации и убеждений, что, частично или полностью, все требуемые EEI данные относительно пятнадцати партий экспортных товаров, упоминаемых выше и описанных в обвинительном заключении в пунктах с первого по пятнадцатый, были преднамеренно ложными, либо в указании конечного грузополучателя, либо в описании товары, которые перевозятся, либо в их стоимости.

Trident далее признает, или он был проинформирован, на основе информации и убеждений, что в качестве оплаты за вышеупомянутые мошеннические экспортные операции, Trident получил средства из-за рубежа на два счета в Wells Fargo Bank, расположенных в пределах Северного округа штата Калифорния: счет Wells Fargo Bank XXXX 0108 ("Wells 0108") и счет Wells Fargo Bank XXXX 3297 ("Wells 3297"). Trident признает, что в период с 12 октября 2011 года по 8 августа 2014 года, о котором говорится в пунктах с 17 по 26 обвинительного заключения, Wells 0108 получил по крайней мере $1,190,359.10 в форме иностранных телеграфных переводов, и Wells 3297 получил по крайней мере $ 1,263,957.50 в форме иностранных телеграфных переводов из банков за пределами Соединенных Штатов. Trident также признаёт, что в период с 1 января 2009 года и по 30 июня 2014 года, Wells 0108 и Wells 3297, получили более $50,000,000 в форме иностранных телеграфных переводов. Trident также признает, что эти средства поступили и [нанесли ущерб] торговле между штатами. Trident также признает, что эти входящие электронные переводы были использованы для приобретения электронных устройства у компаний в Соединенных Штатах для экспорта, осуществляя схему контрабанды, указанную в пунктах 1 -15 обвинительного заключения.

3. Trident признает, что признавая вину он настоящим отказывается от всех возражений по поводу формы обвинительных документов и признаёт, что действительно виновен в преступлениях, в которых признаёт себя виновным, как указано в обвинительном заключении, и эти преступления были совершены его агентами или сотрудниками в ходе осуществления ими своих обязанностей, когда выгодополучателем являлся работодатель. *Trident*

4. Trident соглашается являться на слушания о признании вины и о вынесении приговора в лице должным образом уполномоченного корпоративного представителя. Trident соглашается отказаться от права обжаловать свой обвинительный приговор [*осуждения*], судебное решение, и распоряжения Суда, а также любые аспекты своего приговора, в том числе любые распоряжения, связанные с конфискацией и/или возмещением ущерба, за исключением того, что он оставляет за собой право утверждать, что его адвокат был неэффективен.

5. Trident сознательно и добровольно отказывается от следующих прав путем заявления о признании вины: (a) право не признавать себя виновным; (b) право на скорый и публичный суд перед присяжными; (c) право на эффективную помощь адвоката в суде; (d) право считаться невиновным до тех пор [*пока*], вина не было установлено в ходе судебного разбирательства вне разумных сомнений; (e) право на очную ставку и допрос свидетелей обвинения в суде; (f) право [*принуждать*] вызывать [*повесткой*] свидетелей защиты от имени Trident на судебное разбирательство; (g) право подавать ходатайства об отведении доказательств или прибегнуть к защите в соответствии с Четвертой или Пятой поправками к Конституции; (h) право ходатайствовать о предъявлении доказательств обвинения, заявлять и фактах, опровергающих иск и предъявлять доказательства; и (i) право обжаловать решение о признании вины, любые постановления Суда, а также какой-либо аспект Приговора, в том числе о возмещении убытков.

6. Trident соглашается не ходатайствовать перед судом об отзыве его признания вины после того, как оно будет внесено. Trident понимает, что заключая настоящий Договор: (a) он согласен, что факты, изложенные в пункте 2 настоящего Соглашения могут быть использованы против него в соответствии с Fed. R. Evid. 801(d)(2)(A) в любом последующем разбирательстве, в том числе в суде, в случае если он нарушит какие-либо из условий настоящего Соглашения, и (b) он безусловно отказывается от любых и всех прав в соответствии с Fed. R. Crim. P 11(f) и Fed. R. Evid. 410 в отношении фактов, изложенных в пункте 2 настоящего Соглашения, в любом таком последующем процессе. Trident понимает, что правительство не будет хранить какие либо вещественные доказательства, полученные в этом случае.

7. Trident понимает, что Суд должен опираться на Руководство по вынесению приговоров Соединенных Штатов и принимать их во внимание при вынесении

приговора, наряду с факторами, изложенными в 18 U.S.C. § 3553 (a). Trident также понимает, что Суд не связан расчетами и приведенными ниже рекомендациями; суд может сделать вывод, что применяется более высокий диапазон Рекомендации, и если он это сделает, Trident соглашается, что независимо от приговора, Trident не будет иметь право, и не будет просить, отозвать свое заявление о признании вины. Trident также соглашается с тем, что Руководство о вынесении приговора будет рассчитываться следующим образом:

    a. Базовый уровень преступления, U.S.S.G. § 2S1.1(a)(2):     8

    b. Конкретные характеристики преступления

        -2B1.1(b)(1)(M) (более $50,000,000)     +24

        -2S1.1(b)(2)(B) (18 U.S.C. § 1956)     +2

    c. Признание ответственности:     -3

    Если Trident будет соответствовать требованиям U.S.S. G.§ 3E1.1, Trident может претендовать на сокращение уровня на три пункта за признание ответственности, при условии, что Trident полностью признает свою вину, будет сотрудничать с Судом и надзорными инстанциями за условно осужденными при любом расследование на доприговорной стадии по распоряжению суда, и будет продолжать демонстрировать признание ответсвенности весь период, включая время вынесения приговора.

    d. Скорректированный уровень правонарушение :     31

    e. Базисный штраф: В соответствии с USSG § 8C2.4(d), базисный штраф составляет     $13,500,000.

    f. Базисная оценка виновности:     5

    g. Расчет диапазона штрафа: на основе USSG § 8C2.7, диапазон штрафа рассчитывается следующим образом:

| | |
|---|---|
| Базисный штраф: | $13,500,000 |
| Коэффициент: | 1.00(мин)/2.00(макс) |
| Диапазон штрафа: | $13,500,000/$27,000,000 |

8. Trident согласен с тем, что разумным и соответствующим разрешением этого дела в соответствии с Руководством о наказаниях и 18 U.S.C. § 3553(a) является штраф в размере $500,000 в соответствии с §USSG 8C3.1 (b), 3-летний испытательный срок, а также специальный сбор $200.

9. Trident согласен, что независимо от любого другого пункта настоящего Соглашения, прокуратура может и будет предоставлять Суду и службам надзора за условно осужденными всю информацю, имеющую отношение к предъявленным обвинениям и судебному ~~решению~~ приговору.

10. Trident согласен, что будет добросовестно прилагать все усилия, чтобы полностью оплатить все штрафы, конфискацию или возмещение ущерба, предписанные судом. Trident согласен оплатить суммы специального обложения в момент вынесения приговора, и согласен с тем, что любые платежи по возмещению ущерба должны быть оплачены через Управление клерка окружного суда банковским или кассирским чеком, выписанным на Клерка Окружного суда Соединенных Штатов.

    Trident согласен, что любой штраф, конфискация, или возмещение ущерба, назначенные судом, подлежат немедленной оплате и могут быть востребованы прокуратурой к немедленному исполнению в соответствии с 18 U.S.C. §3613. Trident также понимает, что прокуратура может немедленно приступить к взысканию всего штрафа, конфискации или возмещения ущерба с использованием любых активов без учета какого-либо графика платежей, установленных судом или надзорной службой, и что денежные штрафы, наложенные судом, будет переведены на офсетные программы казначейства, так что любой федеральный платеж или передача возвращенного имущества могут быть использованы для компенсации федеральных долгов.

    Trident и прокуратура соглашаются, что любые штрафы, наложенные на Trident в соответствии с настоящим Соглашением, будут удовлетворены только за счет корпоративных активов Trident, а личные активы должностных лиц корпорации, в том числе нижеподписавшихся, не будут использованы для оплаты этих штрафов. Это соглашение не исключает возможных действий по использованию корпоративных активов, которые были самовольно переданы от Trident отдельным должностным лицам или другим лицам, чтобы избежать уплаты любого штрафа, наложенного в соответствии с настоящим соглашением. Trident также соглашается уведомить финансовый отдел финансового преследования прокуратуры Соединенных Штатов перед тем, как передать интерес в собственности, которой Trident владеет прямо или косвенно, включая собственность, которой Trident владеет под любым другим именем или как другое юридическое лицо, в том числе трасты, товарищества, ~~и~~ или корпорации.

11. Trident обязуется не совершать или пытаться совершить любые преступления до того, как будет наложено наказание, не предоставлять намеренно ложную информацию суд, надзорным инстанциям, досудебным службам или прокуратуре; выполнять любые другие обещания, данные в настоящем Соглашении. Trident согласен, что если он не выполнит какие-либо обещания, данные в настоящем Соглашении, то прокуратура будет освобождена от всех своих обещаний в настоящем Соглашении, в том числе изложенные ниже в секции обещаний

прокуратуры, но Trident не будет освобожден от своих заявлений о признании вины

12. Trident согласен на конфискацию следующего имущества (далее по тексту «исковое имущество"):
    a. $226,601.60 конфискованные 17 марта 2015 года, из Wells Fargo Bank со счета # XXXXXX3289;
    b. $1,308,736.42 конфискованные 17 марта 2015 года, из Wells Fargo Bank со счета # XXXXXX3297;
    c. $3,177,651.64 конфискованные 17 марта 2015 года, из Wells Fargo Bank со счета # XXXXXX0108; а также
    d. $344,070.73 конфискованные 18 марта 2015 года, из Avnet, Inc.

    Trident признаёт, что исковое имущество представляет собой имущество, вырученные от схемы контрабанды [и отмывания денег], описанной выше в пункте два, в нарушение 13 U.S.C. § 305 ( a ) ( 1 ) и 18 U.S.C. § 554, и таким образом подлежит конфискации в пользу Соединенных Штатов в соответствии с положениями 13 U.S.C. § 305 (a) (3), 18 U.S.C. § 981(a)(1)(C), процедуры, изложенные в правиле 32.2 Федеральных правил уголовного судопроизводства, и 21 U.S.C. § 853. Trident отказывается от любых и всех прав, права собственности, и любых интересов, которые Trident мог иметь в исковой собственности и согласен с тем, что такое право, и интересы могут быть конфискованы в пользу Соединенных Штатов без дополнительного уведомления. Trident также согласен, ~~я~~ [что] не будет оспаривать, ~~и не будет помогать кому-либо еще в оспаривании~~ [любую] административн~~ую~~[ой] или судебн~~ую~~[ой] процедур~~ы~~[ы] [процедуры или процедуры штатов] конфискации (будь то уголовные, гражданские, государ~~ственные или~~ [штат] федеральные), которые могут быть выдвинуты против указанной собственности. Кроме того, Trident согласен отказаться от всех законных и конституционных прав [на оспарив.] в любой форме (в том числе апелляционных жалоб, ~~судебного разбирательства~~, или любым другим способом) к любому аспекту конфискации, осуществленной в соответствии с настоящим Соглашением, по каким-либо основаниям, в том числе и том, что конфискация является чрезмерным штрафом или наказанием или том, что производство по конфискация было возбуждено в нарушение срока исковой давности.

13. Если Trident изменит свое название, переименованная компания обязана выполнять все обязательства Trident по настоящему соглашению. Если Trident объединится с другой компанией, то вновь созданная или объединенная компания обязана выполнить все обязательства Trident по настоящему соглашению.

14. Trident согласен, что это Соглашение содержит все обещания и соглашения между прокуратурой и Trident, ~~и Trident не будет утверждать обратное в будущем.~~ [и отменяет все предыдущие соглашения письменные или устные] Никакое изменение настоящего Соглашения не вступает в силу, если оно не выполнено в письменной форме и не подписано всеми сторонами.

15. Trident согласен, что Соглашение является обязательным только для прокуратуры Северного округа штата Калифорния, и не ограничивает другие федеральные, местные или агентства штата.

Обещания прокуратуры

16. Прокуратура согласна отклонить [ходатайствовать по ~~отклонить~~ / ении] любые открытые обвинения против обвиняемого, содержащиеся в обвинительном акте на момент вынесения приговора.
17. Прокуратура ~~обязуется~~ [согласие] не выдвигать никаких дополнительных обвинений против Trident, которые могут быть поданы в результате расследования, результатом которго стало данное обвинительное заключение.
18. Прокуратура согласна рекомендовать штрафные санкции, изложенные выше, если только Trident не нарушит условия соглашения или не признает свою ответственность.

Подтверждения Trident

19. Trident заявляет, что это соглашение является обязательным для Trident, корпорации являющейся преемником Trident, если таковые имеются, и для любого другого физического или юридического лица, принимающего на себя обязательства, содержащиеся в настоящем документе («правопреемник интересов»). Trident, или правопреемники его интересов, если это применимо, должны предоставить прокуратуре Соединенные Штаты и органам надзора за выполнением испытательного срока Северного округа штата Калифорния немедленное уведомление о любом изменении названия, изменении корпоративного или индивидуального контроля, изменении [права] собственности, слияния, изменения правового статуса, продаже или приобретении активов, выбытия активов или аналогичных действий, влияющих на способность заплатить штраф или соблюдения условий настоящего соглашения. Никакие изменения в названии, изменения корпоративного или индивидуального контроля, изменения в праве собственности, слияние, изменение юридического статуса, продажа или приобретение активов, продажа активов, или аналогичные действия не изменяют обязательства Trident по настоящему соглашению. Trident не должен участвовать в каких-либо действиях, направленных на то, чтобы избежать обязательств, изложенных в настоящем соглашении.

20. Trident понимает, что его осуждение может подвергнуть его различным дополнительным последствиям, включая, но не ограничиваясь, приостановление действия или аннулирование любых лицензий или разрешений, которые выданы Trident, и приостановление контрактов или отстранения Trident от контрактов с [существующих заключенных и лишен права на заключение новых] Соединенными Штатами или с любым государственным органом, агентством, или его отделом. Данным соглашением прокуратура не делает никаких заявлений или

обещание относительно приостановления или аннулирования каких-либо лицензий или разрешений. В частности, приостановление и ~~отстранение~~ *запрещения* контрактов и лицензий Trident в соответствии с федеральными уголовными законами представлено на усмотрение федеральных подрядных организаций исключительно в пределах их полномочий. Trident понимает, что непредвиденные побочные последствия не будет служить основанием для аннулирования заявление о признании вины Trident. *или запрещения получения*

21. Trident заявляет, что он имеет право заключения настоящего соглашения. Не позднее даты подписания и подачи соглашения, Trident должен предоставить прокуратуре и суду нотариально заверенное письменное заявление, подтверждающее, что Trident имеет право заключать и соблюдать все положения настоящего соглашения. Документ должен также указать корпоративного представителя и адвоката *Trident* для заключения настоящего соглашения, и то, что все корпоративные формальности для таких разрешений было ~~выполнены~~ *соблюдены*.

22. Trident подтверждает, что имел достаточно времени, чтобы обсудить это дело, доказательства, и соглашение со своим адвокатом, и что адвокат предоставил Trident все юридические консультации, которые Trident просил.

23. Trident подтверждает, что решение признать вину сделано с учетом знания обвинений, которые были предъявлены Trident, возможных вариантов защиты, а также преимуществ и возможного ущерба для суда. Trident также подтверждает, что решение признать вину сделано добровольно, и никто не принуждал и не угрожал Trident, чтобы заключить данное Соглашение.

Дата_____

_____
ПАВЕЛ СЕМЕНОВИЧ ФЛИДЕР
Корпоративный представитель
обвиняемого Trident

_____
БРАЙАН ДЖ. СТРЕТЧ
Федеральный Прокурор

Дата_____

_____
ФИЛИП ДЖ. КЕРНИ
Помощник Федерального Прокурора

24. Я полностью объяснил своему клиенту все права обвиняемого в уголовных преступлениях, и все условия настоящего Соглашения. По моему мнению, мой

клиент понимает все условия настоящего Соглашения и все права, от которых мой клиент отказывается признавая свою вины, и, основываясь на информации, известной мне, решение моего клиента признать себя виновным является сознательным и добровольным.

Дата_____          _____
                                   МАРКУС МЕРЧАЗИН

                                   Адвокат обвиняемого