1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  CHRIS KALTSAS (NYBN 5460902)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6915
7       FAX: (415) 436-7234
        chris.kaltsas2@usdoj.gov
8
   Attorneys for United States of America
9
                          UNITED STATES DISTRICT COURT
10
                       NORTHERN DISTRICT OF CALIFORNIA
11
                            SAN FRANCISCO DIVISION
12

13  UNITED STATES OF AMERICA,           )  CASE NO. CR 15-0154 VC
                                         )
14        Plaintiff,                     )  **GOVERNMENT'S STATEMENT OF NON-**
                                         )  **OPPOSITION TO DEFENDANT'S MOTION**
15     v.                                )  **FOR EARLY TERMINATION OF SUPERVISED**
                                         )  **RELEASE**
16  PAVEL SEMENOVICH FLIDER,             )
                                         )
17        Defendant.                     )
    _____  )
18

19        The United States, by and through its counsel, Stephanie M. Hinds, Acting United States

20  Attorney for the Northern District of California, and Chris Kaltsas, Assistant United States Attorney,

21  hereby responds to defendant Pavel Semenovich Flider's motion for early termination of his term of

22  supervised release. The government neither opposes nor supports defendant's motion and asks the Court

23  to use its sound discretion in determining whether to grant defendant's motion. The government explains

24  its reasoning for this position herein.

25        Defendant was charged with fifteen counts of smuggling goods from the United States, in

26  violation of Title 18, United States Code, Sections 554(a) and 2; one count of conspiracy to commit

27  international money laundering, in violation of Title 18, United States Code, Section 1956(h); ten

28  substantive counts of international money laundering, in violation of Title 18, United States Code,

Section 1956(a)(2)(A); and was subject to a forfeiture allegation in an Indictment filed on March 5, 2015. Dkt. No. 1. Defendant was charged in the Indictment alongside Trident International Corporation, LLC, an entity managed by defendant. Thereafter, on August 16, 2016, defendant entered a guilty plea to Counts One and Two of the Indictment. Dkt. No. 75. As part of his sentence, the Court sentenced defendant to a three-year term of supervised release. Defendant has served his term of incarceration in full and has served approximately one year and ten months of his supervised release term. Defendant has one year and two months of his supervised release term left to serve.

Courts may modify terms of supervised release pursuant to Title 18, United States Code, Section 3583(e)(1), which specifically provides that a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In so determining, the Court must "consider[] the factors set forth in section[s] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" of Title 18. 18 U.S.C. § 3583(e)(1). The Federal Rules of Criminal Procedure further provide that a defendant seeking modification of supervised release must be provided the opportunity for a hearing, but no such hearing is required if "the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and . . . an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c)(2)(B)-(C).

Several factors weigh in favor of terminating defendant's term of supervised release early. According to the probation office, defendant has shown satisfactory progress on supervised release and appears to be a model supervisee. Defendant has presented no issues to the probation office to date. Moreover, both counsel for the government and the probation office have reviewed the facts proffered by defendant in support of his motion for early termination. Defendant has confirmed his new employment through the provision of a letter from the president of defendant's new employer, and initial investigation confirms that defendant's new place of employment is a legitimate place of business. Furthermore, as noted in defendant's memorandum, defendant appears to meet all of the factors set forth in the Guide to Judiciary Policy. Dkt. No. 126-1 at 2-3.

The Government nevertheless hesitates to fully support defendant's motion because of the nature

and circumstances of defendant's criminal activity, including the way defendant characterizes that activity. Contrary to defendant's argument, he is not guilty of mere "creative labeling." *Id.* at 2. Defendant's criminal conduct implicates serious national security concerns. The systems that defendant evaded exist to ensure exporters' compliance with laws that prevent the unregulated sale and export of items potentially useable for military purposes in nations where such concerns are prevalent, among other things. Moreover, the defendant's new employment at a plastics manufacturer raises potential concerns in light of the offenses to which he pled guilty and his dedication to adhering to all the regulatory demands his new employment might require.

Accordingly, the government neither supports nor opposes defendant's motion. Defendant has conducted himself in a commendable manner while on supervision. But in light of the nature of defendant's crime, as well as his flippant characterization of the crimes to which he pled guilty, the government must note that there are factors weighing in favor of denying defendant's motion. The instant matter is thus best resolved at this Court's discretion.

DATED:  September 20, 2021                    Respectfully submitted,

                                             STEPHANIE M. HINDS
                                             Acting United States Attorney


                                             _____/s/_____
                                             CHRIS KALTSAS
                                             Assistant United States Attorney